UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                               ORDER

SONNY DESPOSITO,                      No. 09-CR-430 (CS)

                    Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Sonny Desposito's motion for reconsideration, (Doc. 99),

of my previous denials of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A),

known as "compassionate release," (Docs. 87, 94), and the Government's opposition thereto,

(Doc. 1176).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated

version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Since my last ruling, cases of COVID-19 at FCI Fort Dix greatly increased and now, thankfully, have significantly decreased.  Specifically, according to the Department of Justice Office of Inspector General COVID-19 Dashboard, inmate cases peaked at 797 on January 11 and 12, 2021, and according to the Bureau of Prisons ("BOP") there are now 31 positive inmates as of today.  A total of 1808 inmates have recovered, and sadly, one has died.  Defendant has unfortunately tested positive for the disease.  Happily, however, according to his BOP  medical records, he complained of no symptoms, had no fever and has been regarded as recovered since January 4, 2021.[2]  His claim that he got no attention is belied by those records, which show he got daily assessments.

Now that he has contracted the disease and apparently weathered it, a sentence reduction based on the risk of contracting it no longer makes sense.  "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis."  *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-

---

[1]The Government needs to update its boilerplate.

[2]The Government is directed to provide hard copies of the records to the Court for filing under seal.

504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare." https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition =1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition= 3. Moreover, while there can be long-term effects from severe cases of COVID-19, Defendant did not have a severe case and does not purport to have any lingering effects.

The only other thing in Defendant's motion that is new is his claim that BOP intentionally infected inmates for profit. Not surprisingly, no factual basis for this ludicrous idea is provided, nor does Defendant even explain how BOP would profit from inmate illness. I am not suggesting that BOP has done a stellar job in handling COVID. To the contrary, BOP clearly made mistakes that had serious consequences for inmates and staff. But the notion that it intentionally infected inmates and endangered its own staff is the stuff of conspiracy theorists.

Thus, I continue to find that the factors to which Defendants points, considered singly or in combination, do not rise to the level of extraordinary and compelling reasons justifying release. And even if they did, they would continue to be outweighed by the § 3553(a) factors, for the reasons set forth in my original ruling, (Doc. 87). Accordingly, the motion is denied.

The Clerk of Court is respectfully directed to terminate Doc. 99 and send a copy of this Order to

Sonny Desposito, No. 85148-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000,

Joint Base MDL, NJ  08640.

Dated:  March 8, 2021
             White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

4